IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| H. LEIGHTON LASKEY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v | * | Civil Action No. CCB-15-2995 |
| | * | |
| CITY OF BALTIMORE, | * | |
| MAYOR & CITY COUNCIL, | * | |
| for the City of Baltimore, | * | |
| LAW DEPT. for the City of Baltimore, | * | |
| CHRISTOPHER R. LUNDY, | * | |
| Defense Counsel City of Baltimore, | * | |
| PAUL GRAZIANO, Commissioner, | * | |
| Baltimore City Housing, | * | |
| | * | |
| Defendants. | * | |
| | *** | |

## MEMORANDUM

Pending are H. Leighton Laskey's complaint and motion to proceed in forma pauperis. Laskey's application to proceed without prepayment of fees shows his sole source of income is a monthly payment of $733.00 in Supplemental Security Income. (ECF 2). The court will grant him leave to proceed in forma pauperis because he qualifies for indigent status.

Laskey, who is self-represented, filed this "two part law suit" against defendants, alleging mail fraud, wire fraud, complicity to commit mail fraud and wire fraud by perjury, and "extreme malfeasance with malice and forethought" in connection with proceedings in the Circuit Court for Baltimore City in case 24-C11-003907.[1] In the second part of the complaint, he brings suit against the State of Maryland and the Office of the Clerk of the Court, Baltimore City Circuit

---

[1] *See* http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=24C11003907&loc=69&detailLoc=CC.

Court[2] for intentional denial of due process for falsifying official records "to deceive and influence a federal court decision with malice and forethought." (ECF 1, p. 21). As redress, he seeks $25,000 for mail fraud, wire fraud by perjury, and breach of public trust by malfeasance, as well as injunctive relief, a separate award of $25,000 for violation of his right to due process, and revocation of Mayor Stephanie Rawlings Blake and Christopher Lundy's licenses to practice law in Maryland.[3]

This is Laskey's sixth action in this court based on his dispute with the City of Baltimore concerning a $500 municipal fine levied against his property or a $20 fine for a false fire alarm. *See Laskey v. State of Maryland,* Civil Action No. WDQ-14-853 (D. Md.); *Laskey v. State of Maryland, et al.*, Civil Action No. JKB-12-945 (D. Md.); *Laskey v. City of Baltimore, et al*, Civil Action No. L-11-403 (D. Md.); *Laskey v. Conway, et al.*, Civil Action No. WDQ-11-2372 (D. Md); *Laskey v. City of Baltimore, et al*. Civil Action No. CCB-08-3228 (D. Md.). The most recent five cases were dismissed without prejudice; in the 2008 case, judgment was entered in favor of the city.

In the instant complaint, Laskey faults Christopher Lundy, Special Assistant Solicitor,[4] for filing a motion to dismiss case 24-C11-003907[5] on behalf of the Mayor and City Counsel of Baltimore. He also seems to complain that the case was listed on the Maryland Judiciary Website

---

[2] The Clerk shall amend the docket to add the State of Maryland and the Office of the Clerk of the Court as defendants.

[3] Matters of Maryland state bar admission are within the purview of the state courts.

[4] *See Laskey v. State of Maryland, et al.*, Civil Action No. JKB-12-945 (D. Md.).

[5] On May 12, 2014, the circuit court dismissed the case without prejudice for lack of prosecution. *See* http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=24C11003907&loc=69&detailLoc=CC.

in 2013 and 2014, as active, when he believes the case had been closed.[6] He provides no facts to support his allegations of wrongdoing by defendants.

## DISCUSSION

"Under 28 U.S.C.A. § 1915(e), which governs [in forma pauperis] filings ..., a district court must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim." *Michau v. Charleston Cnty., S.C.*, 434 F.3d 725, 728 (4th Cir. 2006). Although a self-represented plaintiff's pleadings are liberally construed to allow the development of a potentially meritorious case, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), the complaint must articulate facts that, when accepted as true, demonstrate a claim to relief that is plausible on its face. *See Weller v. Dep't of Soc. Servs. for City of Balt.*, 901 F.2d 387, 391 (4th Cir. 1990) (dismissing portions of pro se complaint that failed to allege any factual basis for the claims); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the
Federal Rules of Civil Procedure for "all civil actions"). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

The complaint is deficient because it fails to allege well-pleaded facts related to the defendants. Laskey's claims of fraud, perjury, intentional falsification of records, and denial of due process are unsupported by factual averments. Laskey's dissatisfaction with the course of a state proceeding dismissed for lack of prosecution is insufficient to support a federal claim.

---

[6] Laskey attributes false state records for causing the dismissal of his complaint in WDQ-14-853 on April 21, 2014. However, the federal case was dismissed without prejudice because the state action was ongoing at the time. The state case was closed for lack of prosecution on May 12, 2014.

3

## CONCLUSION

For these reasons, the court will dismiss the complaint without prejudice by separate order to follow.


November 13, 2015  /S/
Date Catherine C. Blake
United States District Judge.